Victor M. CANNON, Jr., et al., Plaintiffs,
and
Daniel M. Feeley et al., Plaintiff-Intervenors,
v.
TEXAS GULF SULPHUR COMPANY et al., Defendants.

No. 65 Civ. 1223.

United States District Court,
S. D. New York.

Aug. 9, 1971.

See also D.C., 53 F.R.D. 216.

Lipper, Keeley, Katcher, Lowey & Dannenberg, New York City, and Sachnoff, Schrager, Jones & Weaver, Chicago, Ill., for plaintiffs and plaintiff-intervenors; Richard B. Dannenberg, New York City, Lowell E. Sachnoff, Chicago, Ill., of counsel.

Leibowitt, Milberg, Weiss & Fox, New York City, for plaintiff William B. Weinberger; Lawrence Milberg, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, Parker M. Nielson, A. Reed Reynolds, Salt Lake City, Utah, for plaintiff Margaret E. Wright; George Reycraft, New York City, of counsel.

White & Case, New York City, for defendants; Orison S. Marden, P. B. Konrad Knake, Thomas McGanney, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

In this consolidated action, which has been determined conditionally to be a class action on behalf of

"all former shareholders of the common stock of Texas Gulf Sulphur Company who claim they sold their stock between April 12, 1964 and 10:55 A.M. on April 16, 1964 in reliance upon the April 12, 1964 press release, issued by Texas Gulf Sulphur Company, relating to exploratory activities at Timmins, Canada",[1]

defendants moved on March 30, 1971, pursuant to Rule 23(c) (1), F.R.Civ.P., for an order altering and amending the conditional class action orders entered herein, and determining that this action may not be maintained as a class action. Following argument, this court denied defendants' motion by an endorsement on the motion papers which indicated that this memorandum would follow.

This action arises out of events of November 1963 through April 1964 when Texas Gulf Sulphur Company ("TGS") discovered valuable ore bodies in Timmins, Ontario.[2] It was instituted by former shareholders of TGS, who allege in their complaints that TGS and certain of its officers and directors issued the April 12 press release and that the press release was knowingly false and misleading as to material facts, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, promulgated pursuant thereto.

In support of their motion to revoke the class status conditionally grant-

1. Cannon v. Texas Gulf Sulphur Co., 47 F.R.D. 60 (S.D.N.Y.1969) and orders filed November 10, 1969 and June 19, 1970.

2. These events are not detailed here since they are set forth in the opinion of this Court (S.E.C. v. Texas Gulf Sulphur Co., 258 F.Supp. 262, at 268-275, 293-294 (S.D.N.Y.1966) ; in the opinion of the Second Circuit Court of Appeals (401 F. 2d 833, at 840-841, 843-847 (2d Cir. 1968)) ; in the opinion of the District Court of Utah (Reynolds v. Texas Gulf Sulphur Co., 309 F.Supp. 548, at 551-556 (D.Utah 1970) ; and in the opinion of the Tenth Circuit Court of Appeals, 446 F.2d 90, at 93-95 (10th Cir. Apr. 26, 1971)).

ed, defendants contend that "none of the questions at the heart of this lawsuit—the character of the [April 12] press release (i. e., whether misleading or not), reliance, and damages—presents the predominance of common question necessary for class treatment."

Defendants point out that the class members did not see the April 12 press release itself, but interpreted reports of it in the news accounts, or heard of it from brokers or friends. Defendants contend that the April 12 press release was distorted by the press and that accordingly the representations varied from person to person. Relying on Morris v. Burchard, 51 F.R.D. 530 (S.D.N.Y. 1971), defendants contend that due to these variations in representations, the question whether the April 12 press release was misleading or not to the "reasonable investor" does not present a question common to the members of the class and accordingly class status should be revoked.

However, Morris v. Burchard, *supra,* is not applicable to the facts of this case. In *Morris,* "the alleged misrepresentations were not standardized; they appear largely to have been a disconnected series of oral statements, which must have varied from person to person and seemingly not made pursuant to a common course of conduct." (*Id.* at 534). In this case, the representations allegedly relied upon emanated from a single source, the April 12 press release, and related solely to the results of exploratory drilling by TGS in Timmins. While news accounts of the April 12 press release differed in some respects, the versions were substantially similar, unlike the disconnected series of oral statements in *Morris.* In any event, defendants concede that the April 12 press release was issued for the purpose of conveying information to the investing public to counteract the rumors which were circulating in Canada and which

had reached the New York press, and that they chose the press to convey their information. Had the defendants feared what the press might do with the release, they could have protected themselves by sending a copy of the April 12 press release to each TGS stockholder, or, under the circumstances where the time factor was important, by including in the release a statement that copies of the release were being sent to each stockholder.

■ Accordingly, the court finds that the question whether the April 12 press release was materially false or misleading to the reasonable investor is a question common to the members of the class. Another common question is whether defendants acted with "some degree of scienter" [3] in connection with the issuance of the April 12 press release. While there are questions affecting only individual members such as reliance and damages, the common questions clearly predominate (Rule 23(b) (3), F.R.Civ. P.).

Defendants argue, nevertheless, that the trial of individual reliance and damages will be unmanageable, and that class status should be revoked in the exercise of good judicial administration. In an attempt to make the trial of this action as expeditious as possible, this court decided on March 30, 1971, in connection with a related motion by plaintiffs, that there will be a split trial with the first trial on the common questions of whether the April 12 press release was materially false and misleading to the reasonable investor and whether there was some degree of scienter, leaving for a later trial the individual questions of reliance and damages. In any event, defendants' suggestion that class status be revoked and the members of the class permitted to intervene as parties in the consolidated action does not appear to advance anything from the standpoint of manageability.

3. Astor v. Texas Gulf Sulphur Company, 306 F.Supp. 1333, 1344 (S.D.N.Y.1969).

Finally, the court does not find that there has been sufficient change in this action since the class action order was originally entered in November 1969 to warrant a determination that class status should be revoked.

For the foregoing reasons, defendants' motion, pursuant to Rule 23(c) (1), F.R. Civ.P., for an order altering and amending the conditional class orders entered herein, and determining that this action may not be maintained as a class action, was denied on March 30, 1971.